IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH THOMAS, | : | |
|     *Petitioner*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 16-2484 |
| | : | |
| TAMMY FERGUSON, *et al.*, | : | |
|     *Respondents*. | : | |

**Jones, II   J.**                                                                                                    May 31, 2018
<u>**MEMORANDUM**</u>

    Kenneth Thomas ("Petitioner") filed pro se objections, (ECF No. 19 [hereinafter Objs.]), to the Report and Recommendation ("R&R") of the Honorable Marilyn Heffley, United States Magistrate Judge. (ECF No. 16 [hereinafter R&R].) The Government ("Respondents") filed a response in opposition to Petitioner's Objs.. (ECF No. 23 [hereinafter Resp. in Opp.])

    Upon consideration of Petitioner's Petition, (ECF No. 1-1 [hereinafter Pet.]), Respondents' Response thereto, (ECF No. 15 [hereinafter Resp.]), and the full record, the Court overrules Petitioner's objections, adopts and affirms the R&R, and denies Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

    **I.**    **Background**

        **a.**  **Underlying Facts**

    On December 13, 2006, the Honorable Jeffrey P. Minehart of the Philadelphia Court of Common Pleas convicted Petitioner of the following offenses: third-degree murder, carrying a firearm without a license, and possession of an instrument of crime. *Com. v.Thomas*, No. CP-51-CR-0904651-2005 (Pa. Ct. Com. Pl. Phila. Cnty. Mar. 6, 2008). On March 28, 2007, the

Honorable Jeffrey P. Minehart sentenced Petitioner to an aggregate term of twenty to forty years' imprisonment. *Id.*

The Magistrate Court adopted the recitation of facts contained in the Philadelphia Court of Common Pleas' Opinion, to which Petitioner filed no objection. As such, and for the sake of clarity, this Court adopts the following:

> On June 16, 2005, at about 2:00 a.m., Philadelphia Police Officer Stephen Johncola received a radio call that directed him to go to the 500 block of East Allegheny Avenue in Philadelphia to investigate a report of a shooting. The officer, together with his partner, an Officer Green, immediately proceeded to that location where he observed a male, later identified as Keith Raney, laying on the sidewalk. Mr. Raney who was conscious and had blood on his shirt, told Officer [Johncola] that he had been shot on E Street by a male named Kenny who lived on Hurley Street. Mr. Raney then lost consciousness. He was taken by rescue squad to a nearby hospital where he subsequently died.
>
> An autopsy was performed on the body of Mr. Raney on June 17, 2005. It revealed that Mr. Raney died as a result of having been shot multiple times.
>
> Just prior to the shooting, Mr. Robert Eury was walking to a Chinese takeout restaurant located near his home. As he was proceeding to the restaurant he heard a gunshot and then saw Mr. Raney who, had been running, fall to the ground. The defendant immediately drove up in a white car, got out of it, and approached Mr. Raney who was laying facedown on the pavement. As the defendant was standing over Mr. Raney, Mr. Eury heard three or more gunshots.
>
> Following the shooting, Mr. Eury returned home. The police came to his residence shortly thereafter and took him to police headquarters. Once there, Mr. Eury gave police a statement and had him look at the photographs. He identified a photograph depicting the defendant.
>
> Mr. Shanon Shields also was present in the area when the shooting occurred. According to Mr. Shields, he was near the corner of Allegheny Avenue and Hartville Street when he heard gunfire and then saw Mr. Raney run by him. Mr. Raney was stumbling and had blood visible on his clothing. Raney continued running and stumbling for approximately a half of a block at which time Mr. Shields saw a white car being driven by the defendant drive by, and make a U- turn, Mr. Shields then heard a gunshot and saw Mr. Raney stumble and fall.
>
> Raney, however, got up and again began stumbling up the street. Mr. Shields went home after witnessing this incident.

2

On June 22, 2005, Mr. Shields was interviewed by police. During the interview he identified a photograph of the defendant driving the white car the night of the incident. An arrest warrant was issued for the defendant on June 25, 2005. He was arrested on June 27, 2005. After he was arrested, the defendant supplied the police with biographical information which included the fact that he owned a white 1990 Cutlass Supreme.

The defendant testified in his own defense. He told this Court that he was at home sleeping when Mr. Raney was shot and killed. He indicated that he got home at midnight after visiting his grandmother at the hospital. He further testified that Eury and Shields identified him because they were envious of him because he had a car.

(R&R at 2-3 (quoting *Com. v.Thomas*, No. CP-51-CR-0904651-2005 (Pa. Ct. Com. Pl. Phila. Cnty. Mar. 6, 2008)).

### b. Motion for Judgment of Acquittal and Direct Appeal

Following the conviction, on June 12, 2007, Petitioner's Trial Counsel filed a Notice of Appeal. (Pet'r's Not. of App., 1, Jun. 12, 2007.) On July 16, 2007, Petitioner filed a Statement of Matters Complained of on Appeal and raised three issues. (Pet'r's 1925(b) Statement of Matters Complained on Direct Appeal, ¶ 3, July 16, 2007.) On March 6, 2008, the Trial Court issued an Opinion requesting that Petitioner's three claims be dismissed and the conviction and sentence be affirmed. *Com. v. Thomas*, No. CP-51-CR-0904651-2005 (Pa. Ct. Com. Pl. Phila. Cnty. Mar. 6, 2008). On October 21, 2008, the Superior Court denied all of Petitioner's claims as meritless. *Com. v. Thomas*, 1591 EDA 2007 (Sup. Ct. Oct. 21, 2008).

### c. Petitioner's Pennsylvania Post Conviction Relief Act Suit

On February 11, 2009, Petitioner filed a timely *pro se* petition for relief under Pennsylvania's Post-conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546 *et seq*. Petitioner was appointed counsel on May 22, 2009. Elayne Bryn, Esq. ("PCRA Counsel") filed an amended petition for relief under PCRA on February 20, 2013. Petitioner's Amended PCRA Petition argued that Trial Counsel was ineffective for (1) failing to file a post sentence motion and preserve the issue that the verdict was against the weight of the evidence and (2) failing to

3

move for a reconsideration of sentence. (Pet'r's PCRA Pet., Feb. 20, 2013.) The Commonwealth filed a Motion to Dismiss Petitioner's PCRA Petition without a hearing, arguing that Petitioner's claims were meritless. (Com.'s Motion to Dismiss Pet'r's PCRA Pet., Aug. 12, 2013.) Pursuant to Pennsylvania Rule of Criminal Procedure 907, the Honorable Jeffrey P. Minehart, Philadelphia Court of Common Pleas, provided notice to Petitioner of the Court's intent to dismiss the PCRA Petition without a hearing. *Com. v. Thomas*, Not. of Intent to Dismiss (Ct. Com. Pl. Mar 31, 2014). Petitioner failed to object to said Notice, and Judge Minehart dismissed the PCRA Petition without a hearing and without an opinion. *Com. v. Thomas*, slip op. (Ct. Com. Pl. May 2, 2014).

Petitioner timely filed an appeal to the May 2, 2014 Order. (Pet'r's Not. of App., May 20, 2014.) Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), in Petitioner's Concise Statement of Matters Complained of on Appeal, Petitioner argued that PCRA court erred by denying PCRA relief and by failing to grant an evidentiary hearing. (Pet'r's PCRA 1925(b) Statement, May 29, 2014.) In accordance with Pa.R.A.P. 1925(a), the PCRA Court filed an opinion supporting its May 2, 2014 Order. *Com. v.Thomas*, No. CP-51-CR-0904651-2005 (Pa. Ct. Com. Pl. Phila. Cnty. Jun. 9, 2014). The Superior Court of Pennsylvania found that Petitioner's two claims were meritless and affirmed the dismissal of Petitioner's PCRA Petition without a hearing. *Com. v. Thomas*, 1579 EDA 2014, slip op. at 1 (Pa. Super. Ct. Feb. 17, 2015). The Supreme Court of Pennsylvania denied Petitioner's appeal. *Com. v. Thomas*, 97 EAL 2015, slip op. at 1 (Pa. Sep. 28, 2015).

### d. Petitioner's Habeas Claims

Petitioner timely filed a *pro se* habeas petition. (Pet'r's Habeas Pet., May 19, 2016, (ECF No. 1-1.) Petitioner raised five claims:

4

(1) "Whether PCRA Counsel rendered ineffective assistance by failing to raise initial counsel ineffectiveness in the initial-review collateral proceeding where counsel failed to file a pretrial motion challenging the admissibility of hearsay testimony for the purpose of indicia of reliability, violating Petitioner's sixth amendment right to confrontation?" (Pet. At 7.);

(2) "Whether PCRA Counsel rendered ineffective assistance by failing to raise initial counsel ineffectiveness in the initial-review collateral proceeding where counsel failed to file a pretrial motion challenging the affidavit of probable cause and requesting a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978)?" (Pet. at 8);

(3) "Whether PCRA Counsel rendered ineffective assistance by failing to raise initial counsel ineffectiveness in the initial-review collateral proceeding where counsel failed to call witness to testify on Petitioner's behalf?" (Pet. at 9);

(4) "Whether PCRA Counsel rendered ineffective assistance by failing to raise initial counsel ineffectiveness in the initial collateral review where counsel failed to object to the autopsy report which was used to establish an element of the crime, and where the coroner who performed the autopsy did not testify to the report, in violation of petitioner's sixth amendment right to confrontation?" (Pet. at 10); and

(5) "Whether the Superior Court abused its discretion or committed an error of law when it improperly waived Petitioner's ineffective assistance of counsel claims raised by collateral counsel in context of his direct appeal rights requiring a presumption of prejudice?" (Pet. at 12).

### e. Magistrate Court's Report and Recommendation and Petitioner's Objections

Magistrate Judge Heffley recommended that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed. (R&R at 16.) Magistrate Judge Heffley found that (1) trial counsel was not ineffective in failing to file a pretrial motion challenging the admissibility of the victim's dying declaration (R&R at 8.); (2) trial counsel was not ineffective in failing to challenge the sufficiency of the affidavit of probable cause that supported Petitioner's arrest warrant (R&R at 9.); (3) trial counsel was not ineffective in failing to call Lashone Williams as an alibi witness (R&R at 11.); (4) trial counsel was not ineffective in not objecting to the admission of the medical examiner's report and in not requiring the medical examiner to appear

5

at trial and be subjected to cross-examination (R&R at 12.); and (5) Petitioner's ineffective assistance claims based on various counsel's failures are procedurally defaulted and meritless. (R&R at 8.) Petitioner filed a timely objection to Judge Heffley's fourth conclusion, arguing that he was denied his Sixth Amendment right to Confrontation. (Objs. at 1.) The Commonwealth responded arguing that Petitioner presents no legitimate argument or reason to support his request that the Report and Recommendation be rejected. (Resp. Objs. at 3.)

## II. Legal Standards

### a. Standard of Review

When objections are filed to the R&R of a Magistrate Judge, the District Court must review *de novo* those portions of the R&R to which said objections are made. 28 U.S.C. §636(b)(1). As for the portion of the R&R to which no objection was made, the Court reviews the R&R for clear error.

### b. Procedural Default

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2241-66 ("AEDPA") enunciates the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of a prisoner in state custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from such state custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution have been violated; habeas corpus motions pursuant to AEDPA are the only possible means of obtaining this type of relief from state custody. *Benchoff v. Colleran*, 404 F.3d 812 (3d Cir. 2005); *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001).

6

Through the AEDPA, Congress also created a series of intentionally restrictive gate-keeping conditions which must be satisfied for a prisoner to prevail in his habeas petition. The strict AEDPA gate-keeping procedures were enacted by Congress to support the policy of creating finality with respect to state and federal criminal prosecutions. One such gate-keeping procedure is the requirement of exhaustion. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State..." 28 U.S.C. § 2254(b)(1); *see also Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) (citing 28 U.S.C. § 2254(b)(1)) ("[A] district court ordinarily cannot grant a petition for a writ of habeas corpus arising from a petitioner's custody under a state court judgment unless the petitioner first has exhausted his available remedies in state court."). Petitioner must have "fairly presented" the federal habeas claims to the state courts. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Evans v. Court of Common Pleas, Delaware County, Penn.*, 959 F.2d 1227, 1231 (3d Cir. 1992) (citations omitted). "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). A petitioner in Pennsylvania must appeal such claims to the Pennsylvania Superior Court. *Whitney v. Horn*, 280 F.3d 240, 250 n. 10 (3d Cir. 2002). Petitioner carries the burden of proving exhaustion. *Coady*, 251 F.3d at 488 (citing *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993)).

Where a claim was not exhausted in state court, and is now past the statute of limitations, it is said to be procedurally defaulted. To bring a procedurally defaulted claim in federal proceedings, Petitioner must demonstrate either (a) cause for the default and actual prejudice arising from the alleged violation of federal law, or that (b) failure to consider the claims will

7

result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). First, to establish the "cause" requirement, Petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Werts v. Vaughn*, 228 F.3d 178, 192-93 (3d Cir. 2000) (quoting *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). To establish the "prejudice" requirement, Petitioner must prove "not merely that the errors at...trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting this entire trial with error of constitutional dimensions." *Id.* at 193. Second, to establish a fundamental miscarriage of justice, Petitioner must demonstrate actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324-32 (1995).

   c. **Merits Review**

Where Petitioner's claims were adjudicated on the merits in state court, the AEDPA deference standard applies to this Court's review of the merits determination. *Rolan v. Coleman*, 680 F.3d 311, 321 (3d Cir. 2012). The AEDPA limits federal habeas review of state court judgments. *Werts*, 228 F.3d at 195. A petition for habeas corpus may only be granted if (1) the state court's adjudication of the claim "resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). When a claim has been adjudicated on the merits in state court, federal habeas review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398-99 (2011).

### d. Ineffective Assistance of Counsel

The Sixth Amendment right to counsel "is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). To prove that counsel was ineffective, Petitioner must establish that (1) counsel's performance was constitutionally deficient, and (2) that deficiency prejudiced Petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance "requires showing that counsel made errors so serious that he or she was not functioning as the 'counsel guaranteed to the defendant by the Sixth Amendment.'" *Id.* In essence, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms. *Id.* at 688. Petitioner must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Id.* at 690 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Prejudice requires showing that counsel's errors were serious enough to deprive the defendant of a fair trial. *Id.* at 687.

### III. Discussion

####   a. Petitioner's Objection to the R&R's recommendation regarding the medical examiner is overruled. On *de novo* review, the Court finds that trial counsel was not ineffective. The R&R is affirmed.

Petitioner objects to the Magistrate Court's conclusion that "Trial counsel was not ineffective in not objecting to the admission of the medical examiner's report and in not requiring the medical examiner to appear at trial and be subjected to cross-examination." (Obj.'s at 1.) Petitioner alleges that Trial Counsel's failure to object to the report and failure to call the medical examiner violated his sixth amendment right to confrontation. *Id.* This Court disagrees.

As a preliminary matter, this claim was not properly exhausted at the state court level, but such claim falls under a narrow exception of Supreme Court precedent. "[W]hen a State requires

9

a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." " *Martinez v. Ryan*, 566 U.S. 1, 14 (2012) (internal citations omitted). Here, Petitioner's objection falls squarely under the second *Martinez* cause exception as Petitioner alleges that PCRA Counsel was ineffective in not bringing up Trial Counsel's ineffectiveness.

Petitioner argues that PCRA Counsel was ineffective in not appealing the ineffectiveness of Trial Counsel. As a result thereof, Magistrate Court's assessment of PCRA Counsel necessarily required an assessment of Trial Counsel. The Magistrate Court found that Trial Counsel's decision not to object to the admission of the medical examiner's report and the decision not to require the medical examiner to appear at trial did not fall below the objective level of reasonable trial strategy. (R&R at 12.) Petitioner argues that the "Pennsylvania constitution guarantees an accused the right to confront and cross-examine witnesses" and "had the medical examiner been called to testify, the opinions, conclusions and interpretation contained in the autopsy report would have been subject to cross-examination." (Objs. at 4, 7.) By Petitioner's own admission, "the right of confrontation is not absolute." *Id*. However, Petitioner has not put forth one credible benefit that would have come from Trial Counsel objecting to the medical examiner's report or Trial Counsel having the medical examiner testify. Rather, Petitioner merely puts forth that "the defense would have been able to submit the

reliability of the examiner's opinion to the jury's scrutiny." (Objs. at 7.) This Court sees differently.

After the victim was shot, he was found by Officers Johncola and Green. (R&R at 2-3.) At that time, the victim told Officer Johncola that he was shot by Petitioner. *Id*. Subsequently thereafter, the victim was taken to the hospital where he ultimately died. *Id*. An autopsy was performed on the victim's body on June 17, 2005, which revealed that the victim died as a result of having been shot multiple times. *Id*. The purpose of the medical examiner's report was to determine the victim's cause of death, thus cause of death is what Petitioner argues that Trial Counsel should have challenged. Given the facts of the case, it is not unreasonable for an attorney to not utilize precious judicial economy combatting such autopsy report. Petitioner has given this Court no reason to think otherwise. The victim was found immediately after being shot. Shortly thereafter, the victim identified Petitioner to officers of the law. Subsequently, the victim died in a nearby hospital. This Court is not convinced that an objection to the medical examiner's report or an opportunity to cross-examine the medical examiner would have been beneficial to Petitioner.

Petitioner has failed to show that "counsel's representation fell below an objective standard of reasonableness" as articulated in *Strickland*. Nor has Petitioner shown that he suffered any prejudice from the failure of Trial Counsel to neither object to the medical examiner's report nor call the medical examiner to the stand. In conclusion, PCRA Counsel was not ineffective. Petitioner's objections are overruled and the R&R is adopted and affirmed.

### IV. Conclusion

Petitioner's request for relief is denied. Because Petitioner failed to make a substantial showing of the denial of any constitutional right, the Court finds that reasonable jurists would not

disagree with this Court's holding, therefore, a certificate of appealability shall not issue. *See, e.g.*, 28 U.S.C. § 2253(c)(2); *Santana v. United States*, 98 F.3d 752, 757 (3d Cir. 1996).

                                             BY THE COURT:

                                             /s/ C. Darnell Jones, II

                                             _____

                                             C. DARNELL JONES, II, J.